## DUREN v. KEE.

1. ISSUE AS SUBMITTED TO JURY—RES JUDICATA.—In action for the recovery of a tract of land, the trial judge submitted to the jury the question of title to only so much of the tract as was included within the red lines on a plat in evidence, and after verdict, "We find for the defendant," the trial judge certified on this plat that the portion so enclosed by red lines was the land covered by the verdict. *Held*, that this verdict was responsive only to the limited issue submitted to the jury, and that in a second action to recover damages for trespass on so much of the land named in the former complaint as was outside of these red lines, the plea of *res judicata* was not well taken.

2. IBID.—CASE FOLLOWED.—There was no error on the part of the trial judge in the first action in so limiting the issue submitted to the jury. Eason *v.* Miller & Kelly, 15 S. C., 202, followed.

3. RECOVERY OF LAND—SECOND ACTION.—If this second action was for a part
of the same land embraced in the first action, it is not prohibited by the
act of 1879 (17 Stat., 76), even though not brought for more than two
years after the first judgment; for the act of 1879 was passed after the
first action was instituted, and declares that nothing therein contained
"shall prevent any person from being entitled to two actions for the recov-
ery of realty after the passage of this act."

Before WALLACE, J., Lancaster, February, 1893.

Action by Matilda A. Duren against Permela H. Kee, com-
menced January 23, 1889, for damages to land, and to determine
the title thereto. From an order of non-suit, plaintiff appealed.

*Messrs. R. E. & R. B. Allison,* for appellant.

*Mr. Ernest Moore,* contra.

April 2, 1894.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This action was brought on Jan-
uary 23d, 1889, for a tract of land containing about four hun-
dred acres.   The defendant put in a general denial, and
pleaded, in bar to the action, *former action for the same land,* in
which the title was *res adjudicata,* in favor of defendant.   The
cause came on for a hearing before his honor, Judge Wallace,
and a jury.   But before the issues of fact were submitted to
the jury, the court heard the plea in bar of the action as set
up in the answer, upon the judgment therein referred to.   See
26 S. C., 220.   Upon the plea, Judge Wallace held as follows:
"It appears that there was a former action between these same
parties, and the scope of the action was for the recovery of all
the lands embraced in this tract of five hundred acres, or more;
that in that action two defences were made, one was possession
under color of title under Craig's deed, and the other was
actual *pedis possessio* of part of it."   The action was tried, and
the jury found a general verdict for the defendant.   "After
the verdict was rendered, the presiding judge certified on one
of the plats that was used in the case, and added to that, that
in his opinion, the scope of the verdict only covered the de-
fence of *actual possession, or pedis possessio.*   Now it will be ob-

served that that was not a judgment of the court, but simply a certificate of the judge, after the verdict had been rendered, and the judge's report to the Supreme Court that these two issues made by the defence was submitted in his charge to the jury, and upon that charge, and upon the whole case, so far as appears before me, the jury rendered a general verdict for the defendant. Upon that verdict a judgment was entered; from that judgment an appeal was taken to the Supreme Court.

"The Supreme Court considered the whole case, and the decree of the court simply affirmed the judgment below. What the court says here in the decision of the case is not a judgment of the court. All the judgment of the court is, the general judgment for the defendant entered here, and the judgment of the Supreme Court confirming that judgment. That is what binds me here, although I take great pleasure in conforming to any principle stated by the Supreme Court. But here is merely an opinion in regard to a matter that takes place *after a verdict.* So far as I can see, this matter has been determined by the verdict of the jury, by the judgment, that judgment having been confirmed by the judgment of the Supreme Court. It appearing by the showing made by the plaintiff that this is a second action for the recovery of the lands, with other lands, having been tried between the said parties, and a judgment on verdict in said former action having been rendered in favor of the said defendant, and against the said plaintiff, and more than two years having elapsed since the rendition of the said former verdict and judgment, and the costs of the said former action never having been paid, *ordered, that the plaintiff be non-suited,*" &c.

From this order the plaintiff appeals upon a number of grounds, which state the same matter in various forms, but we think the first three make the point with sufficient clearness, as follows: *First.* Because, it is submitted, the presiding judge erred in holding that the matter in controversy "has been determined by the verdict of the jury, by the judgment of this court, confirmed by the judgment of the Supreme Court;" whereas, the subject matter of the present action has never been determined by any court. *Second.* Because the judge, in

making his erroneous conclusion of law, overlooked the true state of the pleadings, both in the former action and in the present, and has not allowed sufficient force to the statement made by the Circuit Judge on the former trial, in settling the case for hearing in the Supreme Court, in the following explicit language: "From the evidence in the case, the argument and contention of the counsel, and the charge I gave the jury, their inquiry was confined to the question, whether the defendant could retain her present *pedis possessio*, or not," &c. *Third.* Because he erred in not being governed by the opinion of the Supreme Court. See 26 S. C., 224. Here the court, after reviewing the point whether, or not, the defendant entered under color of title, expressly declares that the title to the land outside the *pedis possessio*, recovered by the defendant, remained as it did before the action," &c.

It seems to us manifest that the seeming confusion in this case arises from the supposed necessity of considering in every case that the verdict must be considered as a general verdict, responsive alone to the issues of the pleadings; and that, therefore, the verdict in this case, "we find for the defendant," is a general verdict in her behalf as to the whole issues made by the pleadings, without any reference whatever to the charge of the trial judge. It may be admitted that, as a general rule, a verdict endorsed on the record must be considered as responsive to the issues made in that record. But there are well established exceptions to that rule. There are cases where the charge of the judge upon the law involved must be taken into the account, in giving a proper interpretation to the verdict. Here, in the first case between these parties, the trial judge formally and officially stated, more than once, as follows: "From the evidence in the case, the argument and contention of counsel, and the charge I gave the jury, the inquiry was confined to the question whether the defendant could retain her present *pedis possessio*, or not." Then from this, we certainly know as a fact that the verdict, "we find for the defendant," was intended to have reference to that inquiry and nothing else. That being the case, is there any principle or rule of law which requires us to ignore what we

clearly know to be truth, and to darkly infer a different inter-
pretation—that the verdict must have been "a general ver-
dict" upon all the issues originally made in the complaint and
answer. This possibly might be so, if the information of Judge
Wallace, as stated by him, had been correct, viz: that *after* the
verdict had been pronounced, the trial judge (Hudson) gave
*his opinion* merely, that only one issue, *i. e.*, that as to the *pedis
possessio*, had been decided, and, therefore, he made a state-
ment to that effect upon one of the plats which had been used
at the trial.    But, as we understand the record, the statement
was not precisely correct, especially as to the time when the
trial judge limited the inquiry to the *pedis possessio*.    He says
himself, in the report of the case for the Supreme Court, that
it was done during the trial of the case, in his charge to the
jury, and, therefore, that limitation must have entered into,
and indeed formed, the verdict, which, properly construed,
should read, "we find for the defendant only as to the *pedis
possessio*."    That is the proper construction of the verdict.

But it is contended that the trial judge had no right to make
such a change of the issues, even when delivering his charge to
the jury upon the law of the case.    Had he the right to
do so?  We think he undoubtedly had the right to do so.

Without going at great length into the question, it will
be quite sufficient to cite the case of *Eason* v. *Miller & Kelly*, 15
S. C., 202, decided by this court, which makes and decides the
identical question, and which must rule this case.    In deliver-
ing the opinion of the court, the late Chief Justice Simpson
said: "Generally, the issues of fact involved in a case will be
found contained in the allegations of the plaintiff in his com-
plaint, and the denials, or other statements of the defence, as
stated in the answer, and where there is nothing more in the
complaint and answer but questions of fact, then an examina-
tion of these pleadings will present the true issue submitted to
the jury, and to which their verdict will be understood to be
responsive.    But the pleadings, in addition to questions of fact,
may also raise questions of law.    In such case, the questions of
law do not go to the jury, but must be decided by the court
before the case is submitted to the jury.    In other words, in

such case it would be the duty of the judge to eliminate from the proceedings the questions of law, and to submit to the jury only the questions of fact, and in such case the charge of the judge (subject, of course, to appeal), and not the complaint and answer, would contain the real issues of fact by which the verdict, should any doubt arise as to its true intent and meaning, ought to be construed. * * * The plaintiff in his complaint had claimed all the patterns in the place at the time mentioned. The charge of the judge, however, as he had a right to do, in deciding the leading question raised, limited the claim to only a portion, and the amount of this portion was the real issue to the jury. How, then, can the verdict be construed to embrace all, when it was admitted that a portion had been withdrawn by the charge of the judge, and only the remainder was involved; and when the jury was instructed by the judge in his charge, that it was as to this remainder only, and its value, that they were to inquire," &c.?

It follows, therefore, that the title to the lands outside of the *pedis possessio* were not adjudged in the first case between these parties, and can not, therefore, be pleaded successfully as a matter *res adjudicata.* The utmost that can be said is, that the plaintiff embraced these lands in a suit against the defendant, and failed to recover them. "The rule is, that when a former judgment is relied on, it must appear from the record that the point in controversy was necessarily decided in the former suit, or be made to appear by extrinsic proof that it was in fact decided." See *Hart* v. *Bates,* 17 S. C., 43, and the authorities there cited.

But there is another ground urged in support of the order of non-suit, viz: That the present action, claimed to be the second for the recovery of at least a part of the same land, involved in a former action between these parties, in which there was a verdict for the defendant and judgment thereon; and more than two years having elapsed since the rendition of said former verdict, and the costs of said former action not having been paid, &c. It is stoutly denied, construing the verdict in the first case properly as above, that this can be a second action, in the sense of the act of the legislature,

which limits the plaintiff to two actions for the recovery of realty. But passing that, the act to limit the plaintiff to two actions, ratified on December 23, 1879 (17 Stat., 76), itself provides as follows: "That nothing contained in this act shall prevent any person from being entitled to two actions for the recovery of realty, after the passage of this act," &c. And, therefore, as it seems to us, the first action between these parties can not be considered as one of the actions allowed by the act, for the reason that the action was brought on August 17, 1879, before the act was passed at the next session of the legislature on December 23, 1879, and was at that time pending. The act was not retrospective in terms, but, on the contrary, provided that nothing contained in the act shall prevent any person from being entitled to two actions for the recovery of realty, after the passage of this act, &c.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded to the Circuit, for such other proceedings as may be deemed necessary and proper to carry out the conclusions herein announced.

MR. CHIEF JUSTICE McIVER concurred in the result.